**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| CITY OF MEMPHIS, | ) | |
| | ) | Misc. Action No. 3:26-mc-443-JFA |
| Movant, | ) | |
| | ) | |
| v. | ) | Related to *RowVaughn Wells v. City of Memphis, et al.*, No. 2:23-cv-02224-SHL-atc (W.D. Tenn.) |
| | ) | |
| GEOFFREY ALPERT, Ph.D., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Movant City of Memphis (the "City") respectfully moves this Court for an order compelling Respondent Geoffrey Alpert, Ph.D. ("Dr. Alpert"), a non-party expert witness, to produce all documents responsive to the subpoena *duces tecum* served upon him in connection with the underlying action, *RowVaughn Wells v. City of Memphis, et al.*, No. 2:23-cv-02224-SHL-atc (W.D. Tenn.) (the "Underlying Action"). In support of this Motion, the City states as follows:

1. Dr. Alpert serves as Plaintiff's retained expert witness in the Underlying Action. He is a Professor of Criminology and Criminal Justice at the University of South Carolina, located in Columbia, South Carolina.

2. On April 14, 2026, the City issued a Rule 45 subpoena *duces tecum* (the "Subpoena") to Dr. Alpert, commanding his appearance at a deposition on April 17, 2026 in Columbia, South Carolina, and further commanding the production of documents set forth in Exhibit A to the Subpoena, to be brought with Dr. Alpert to his deposition.

1

3.      Exhibit A to the Subpoena requested documents in several categories, including: (a) all publications and articles cited in Dr. Alpert's Expert Report dated April 3, 2026; (b) all facts and data used to support the Expert Report; (c) any exhibits, charts, or demonstratives intended for use at trial; (d) all communications with Plaintiff's counsel relating to compensation, scheduling, facts or data, assumptions, and communications with any other person relating to opinions in this matter; (e) all expert reports submitted by Dr. Alpert from the past five years involving police practices, use of force, pursuits, and/or police culture; (f) transcripts of testimony in cases listed on Exhibit C to the Expert Report; (g) fee agreements and billing records, including retainer agreements, invoices, and records of payments received; (h) documents sufficient to show income derived from litigation consulting over the past three years; and (i) documents reflecting testing, validation, peer review, or standards underlying the methodology applied in the Expert Report.

4.      Dr. Alpert appeared for his deposition on April 17, 2026, but failed to produce any other documents responsive to the Subpoena.

5.      Dr. Alpert has never served any written objection to the Subpoena as contemplated by Rule 45(d)(2)(B). Neither Dr. Alpert nor anyone on his behalf has asserted any privilege, protection, or other legal basis for withholding the requested documents. No privilege log has been provided.

6.      This Court is the proper forum for this Motion because the place of compliance designated in the subpoena is Dr. Alpert's residence, Columbia, South Carolina, which falls within the District of South Carolina, Columbia Division. Fed. R. Civ. P. 45(d)(2)(B)(i).

7.      The City of Memphis respectfully requests that this Court enter an order:

   a. Compelling Dr. Geoffrey Alpert, Ph.D. to produce, within fourteen (14) days of the date of the order or such other time as the Court deems appropriate, all documents responsive to the Subpoena *duces tecum*, including all categories of documents identified in Exhibit A thereto; and

b.  Granting such other and further relief as this Court deems just and proper.

8.    Alternatively, the City of Memphis requests that the Court consider transferring this Motion to Compel to the United States District Court for the Western District of Tennessee, Western Division for resolution, pursuant to Federal Rule of Civil Procedure 45(f).

9.    In further support of this Motion, the City relies upon its contemporaneously filed Memorandum of Law. Copies of the subpoena *duces tecum* and Exhibit A thereto are attached as Exhibit 1. Relevant excerpts of the deposition transcript of Dr. Geoffrey Alpert, Ph.D., are attached as Exhibit 2. Relevant correspondence with counsel for Plaintiff in the underlying action is attached as Exhibits 3 and 4.

10.    Counsel for the City affirms, pursuant to Local Civil Rule 7.02 (D.S.C.), that before filing this Motion, counsel for the City in the Underlying Action conferred or attempted to confer with Plaintiff's counsel in good faith to resolve the matters raised herein, including by written correspondence with Plaintiff's counsel—who accepted service of the Subpoena on Dr. Alpert's behalf and communicated regarding his compliance—and by placing Dr. Alpert on notice of the dispute during his deposition.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

/s/ J. Boone Aiken, IV

J. Boone Aiken, IV (Fed Id No. 13675)
850 Morrison Drive, Suite 775
Charleston, SC 29403
(854) 214-5900
baiken@bakerdonelson.com

May 8, 2026
Charleston, South Carolina

*Attorney for Movant-Defendant City of Memphis*

3